**Donita C. ROTHERHAM,**
**Plaintiff—Appellant,**

v.

**AMERICAN RED CROSS; San Diego/Imperial Counties Chapter of the American Red Cross, Defendants—Appellees.**

No. 08–55006.

United States Court of Appeals, Ninth Circuit.

Submitted April 15, 2009.*

Filed April 30, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

H.P. Kondrick, Esq., H. Paul Kondrick, a Professional Corporation, San Diego, CA, for Plaintiff–Appellant.

Mary C. Dollarhide, Paul Hastings Janofsky & Walker, LLP, San Diego, CA, for Defendants–Appellees.

Before: KOZINSKI, Chief Judge, PREGERSON, Circuit Judge, and QUIST,** District Judge.

## MEMORANDUM ***

■ Rotherham failed to present sufficient evidence to create a genuine issue of material fact as to her implied-in-fact contract claim. California law presumes at-will employment where contract terms do not specify otherwise. *Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 335, 100 Cal. Rptr.2d 352, 8 P.3d 1089 (2000) (citing Cal. Lab.Code § 2922). The Chapter's Policies and Practices Manual, promulgated under Rotherham's direction, reinforced the understanding that *all* Chapter employees were at-will. The National Board of Governor's Policy also confirmed Rotherham's at-will status. Although Rotherham's evidence regarding her length of service and positive annual reviews is relevant to her claim, "longevity, raises and promotions without specific words or conduct by the employer negating at-will employment, will not suffice to raise a triable issue of fact." *Moreau v. Air France,* 356 F.3d 942, 953 (9th Cir.2004) (citing *Guz* ).

■ Even if Rotherham could establish an implied-in-fact contract, a reasonable jury could only conclude that defendants terminated her for cause. Defendants presented evidence that they terminated Rotherham because she had lost the trust and confidence of the San Diego community, which in turn impacted her ability to serve as an effective leader. *See Pugh v. See's Candies, Inc.,* 116 Cal.App.3d 311, 330, 171 Cal.Rptr. 917 (1981) (stating that "where, as here, the employee occupies a sensitive managerial or confidential position, the employer must of necessity be allowed substantial scope for the exercise of subjective judgment").

Because Rotherham failed to establish an implied-in-fact contract limiting defendants' ability to terminate her, her good faith and fair dealing claim also fails due to the lack of such terms to support the

** The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

covenant. *Starzynski v. Capital Pub. Radio, Inc.,* 88 Cal.App.4th 33, 39, 105 Cal. Rptr.2d 525 (2001).

Rotherham's fraud claim fails because she presented no evidence of a misrepresentation. She failed to show that she was ever told she was anything other than an at-will employee, and her supervisors' statements about expectations and offers of job training, which were fulfilled, were not misrepresentations.

The district court also properly granted summary judgment on Rotherham's claim for indemnification under California Labor Code Section 2802. "Section 2802 ... requires an employer to indemnify an employee who is sued by third persons for conduct in the course and scope of his or her employment...." *Cassady v. Morgan, Lewis & Bockius LLP,* 145 Cal.App.4th 220, 230, 51 Cal.Rptr.3d 527 (2006). The claim for indemnification failed because the government investigations were directed solely against the Chapter. Moreover, although Rotherham claims she presented evidence that the California Attorney General was going to charge her and make her personally liable for excess compensation, her proffered evidence does not support this assertion.

In light of summary judgment on all her claims, the district court also properly granted summary judgment on Rotherham's claim for declaratory relief.

Finally, the district court did not abuse its discretion in denying the motion to alter or amend.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.